UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| USI INSURANCE SERVICES, LLC, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:14-CV-151 |
| | ) | |
| JOHN E. RYAN and WDCK, LLC d/b/a | ) | |
| The DeHayes Group, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

Before the Court is a motion filed by Defendant John Ryan on September 3, 2014, seeking leave to file an amended answer that adds: (1) two additional affirmative defenses against Plaintiff USI Insurance Services, LLC ("USI"), and clarifies an existing affirmative defense; (2) two counterclaims against USI; and (3) a third party complaint against Ryan's former employer, Wells Fargo Insurance Services USA, LLC ("Wells Fargo"). (Docket # 77.) USI asserts that Ryan's request to assert the counterclaims "is a futile endeavor," but it does not object to the remainder of the motion. (Docket # 80.) Ryan has not filed a reply to his motion to amend, and the time to do so has now passed.

For the following reasons, Ryan's motion to amend will be GRANTED as to the affirmative defenses, but will otherwise be DENIED.

**A. Factual and Procedural Background**

On May 16, 2014, USI, who is engaged in the insurance business, filed a complaint against Ryan, an insurance broker, and his current employer, WDCK, LLC, advancing claims of

breach of contract, trade secret violations, and tortious interference with business relationships.[1] (Docket # 1.) Specifically, USI alleges that Ryan breached the terms of his Employment Agreement, which purportedly had been assigned to USI when it purchased the assets of Wells Fargo, and that Ryan and WDCK misappropriated USI's trade secrets and unlawfully solicited its clients. (Docket # 1.)

On June 9, 2014, Ryan filed an answer to USI's complaint. (Docket # 28.) On June 18, 2014, USI amended its complaint (Docket # 36), and Ryan then filed an answer to the amended complaint on June 27, 2014 (Docket # 41).

On July 7, 2014, this Court entered an Order disqualifying Ryan's legal counsel at the time, Barrett & McNagny, LLP. (Docket # 52.) Four days later, Ryan's current counsel, Theisen & Associates, appeared on Ryan's behalf. (Docket # 53, 54.) On September 3, 2014, Ryan filed the instant motion to amend his answer.[2] (Docket # 77.)

### B. Standard of Review

"[T]he decision to grant or deny a motion to file an amended pleading is a matter purely within the sound discretion of the district court." *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008) (alteration in original) (citation omitted). "The court 'should freely give leave when justice so requires.'" *Id.* (quoting Fed. R. Civ. P. 15(a)(2)); *see Foman v. Davis*, 371 U.S 178, 182 (1962). "Although the rule reflects a liberal attitude towards the amendment of pleadings, courts in their sound discretion may deny a proposed amendment if the moving party has unduly

---

[1] Together with its complaint, USI filed an emergency motion for expedited discovery and a motion for preliminary injunction. (Docket # 2, 5.)

[2] The docket does not reflect that a deadline has been set for any amendments to the pleadings, and USI does not argue that Ryan's motion to amend is untimely.

delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Soltys*, 520 F.3d at 743; *see Foman*, 371 U.S. at 182.

**C. Discussion**

1. <u>Leave to Amend Will Be Granted as to the Affirmative Defenses Against USI</u>

First, Ryan seeks leave to file his amended answer to add two additional affirmative defenses and elaborate on an existing affirmative defense. The additional affirmative defenses are: (1) that USI and Wells Fargo first materially breached the Employment Agreement, and (2) that USI made certain purported trade secrets public by filing its amended complaint. (John E. Ryan's Mot. for Leave to File Am. Answer and Countercl. Against USI and Third Party Compl. Against Wells Fargo ("Ryan's Mot. for Leave") ¶ 9.) Because USI does not oppose this portion of Ryan's motion, and because leave to amend should be "freely given when justice so requires," Fed. R. Civ. P. 15(a), the motion to amend will be GRANTED with respect to the affirmative defenses.

2. <u>Leave to Amend Will Be Denied as the Counterclaims Against USI</u>

Ryan also seeks to amend his answer to assert two counterclaims against USI: (1) a state law claim for attorney's fees for frivolous litigation in violation of Indiana Code § 34-52-1-1, and (2) a state law claim for abuse of process. USI opposes this portion of Ryan's motion to amend, contending that advancing the counterclaims would be a futility. (Docket # 80.)

"[F]utility is measured by the capacity of the amendment to survive a motion to dismiss." *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) (citing *Crestview Village Apts. v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation, Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004)). "That means a

3

proposed amendment must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Id*. (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)).

      a. <u>Ryan's Counterclaim Under Indiana Code § 34-52-1-1</u>

With respect to Ryan's counterclaim for frivolous litigation, Indiana Code § 34-52-1-1(b) provides that a court may award attorney's fees in a civil action as part of the cost to the prevailing party, if the court finds that either party: "(1) brought the action or defense on a claim or defense that is frivolous, unreasonable, or groundless; (2) continued to litigate the action or defense after the party's claim or defense clearly became frivolous, unreasonable, or groundless; or (3) litigated the action in bad faith." *See Eller v. Gary Cmty. Sch. Corp.*, No. 2:08-cv-307, 2011 WL 1326592, at *3 (N.D. Ind. Apr. 4, 2011) (stating that a claim under Indiana Code § 34-52-1-1 may be raised in a counterclaim) (collecting cases).

"A claim or defense is 'frivolous' if it is taken primarily for the purpose of harassment, 'if the lawyer is unable to make a good faith and rational argument on the merits of the action,' or 'if the lawyer is unable to support the action taken by a good faith and rational argument for an extension, modification, or reversal of existing law.'" *Paoli Peaks, Inc. v. Weeks*, No. 4:11-cv-78, 2012 WL 5178183, at *3 (S.D. Ind. Oct. 18, 2012) (quoting *Kahn v. Cundiff*, 533 N.E.2d 164, 170 (Ind. Ct. App. 1989)). "[A] claim or defense is 'unreasonable' if, based on the totality of the circumstances, including the law and the facts known at the time of filing, no reasonable attorney would consider that claim or defense was worthy of litigation." *Id*. (quoting *Kahn*, 533 N.E.2d at 170-71). "A claim or defense is 'groundless' if no facts exist which support the legal claim presented by the losing party." *Id*. (quoting *Kahn*, 533 N.E.2d at 171).

USI argues that Ryan's own testimony demonstrates that USI's position is non-frivolous,

4

rendering the claim under § 34-52-1-1 a futility. Indeed, Ryan testified at his deposition that his own counsel believed he had a "50/50" chance of being sued under the Employment Agreement and a twenty percent chance of losing. (Ryan Dep. 143.) Ryan also stated that he had received "differing opinions" from counsel concerning the assignability of the Employment Agreement in that some perceived it to be assignable and others not. (Ryan Dep. 112.)

In addition to Ryan's testimony, there are two other problems with the counterclaim that render it a futility. First, in pleading the counterclaim, Ryan merely recites the elements of § 34-52-1-1 without providing any supporting factual matter. (Ryan's Mot. for Leave Ex. 1 at 34.) But "recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Malibu Media, LLC v. Gilvin*, No. 3:13-cv-72, 2014 WL 1260110, at *1 (N.D. Ind. Mar. 26, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "To be plausible, a [counterclaim] must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Id*. (citing *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009)).

Second, this Court has found that "Indiana Code § 34-52-1-1 is inapplicable in federal court." *Artmann v. Ctr. Garage, Inc.*, No. 2:11-cv-236, 2012 WL 5183577, at *13 (N.D. Ind. Oct. 18, 2012). The Court explained in *Williams v. State Farm Ins. Co.*, No. 2:09-cv-177, 2011 WL 2111988, at *2 (N.D. Ind. May 26, 2011), that although "attorney fees issues in a diversity case are generally governed by state law," "this is true only when the state law at issue is *substantive* in nature." (Emphasis in original). It concluded that § 34-52-1-1 is "procedural because it allows for the award of fees based upon the conduct of the parties and the attorneys in filing and litigating the claim, rather than on a claim's underlying merits." *Id*. Accordingly, the

Court dismissed the party's claim for fees under § 34-52-1-1, declining to address whether Federal Rule of Civil Procedure 11 or 28 U.S.C. § 1927, which it characterized as "the federal analog" to § 35-52-1-1, could support a sanction in the case. *Id.*

Therefore, Ryan's motion to amend his answer to add a counterclaim under Indiana Code § 34-52-1-1 is a futility for several reasons. Accordingly, it will be DENIED.

### b. Ryan's Abuse of Process Counterclaim

Ryan's motion to amend to advance an abuse of process counterclaim fares no better. The elements of a claim for abuse of process under Indiana law are: "(1) that the Counter-Defendants acted with an ulterior purpose or motive and (2) committed a willful act in the use of process not proper in the regular conduct of the proceeding." *Heartland Recreational Vehicles, LLC v. Forest River, Inc.*, No. 3:11-cv-250, 2012 WL 4050301, at *7 (N.D. Ind. Sept. 12, 2012) (citing *Kalwitz v. Kalwitz*, 934 N.E.2d 741, 753 (Ind. Ct. App. 2010)); *accord Wine & Canvas Dev. LLC v. Weisser*, No. 1:11-cv-01598, 2013 WL 5965884, at *4 (S.D. Ind. Sept. 11, 2013).

Ryan alleges in his counterclaim that USI filed this action for the "ulterior purpose of forcing Ryan to expend substantial sums of money to defend the claim when USI knows or should know the written covenants are unenforceable for a number of reasons including that they are overly broad and that Ryan is not using, disclosing or misappropriate any trade secrets." (Ryan's Mot. for Leave Ex. 1 at 34.) Although Ryan easily alleges the first element, an ulterior motive, he fails to sufficiently plead the second element–the improper use of process.

That is, Ryan's allegation does not "relate[] to the propriety of [USI's] use of the judicial process, as distinct from those relating to [USI's] ulterior motive." *CDW, LLC v. NETech Corp.*, No. 1:10-cv-530, 2011 WL 3844160, at *6 (S.D. Ind. Aug. 26, 2011). "A party's intent is

6

irrelevant where his acts are procedurally and substantively proper under the circumstances." *Reichhart v. City of New Haven*, 674 N.E.2d 27, 31 (Ind. Ct. App. 1996). "Put another way, there is no liability where [a party] has done nothing more than carry out the process to its authorized conclusion, even though with bad intentions." *Id*. (citation and internal quotation marks omitted).

At bottom, the only "improper" action by USI that can be gleaned from Ryan's counterclaim is USI's intent or purpose in instituting the proceedings against Ryan to enforce the Employment Agreement and protect USI's purported trade secrets. That however, standing alone, is insufficient to plead a claim for abuse of process. *See CDW, LLC*, 2011 WL 3844160, at *6 (concluding that defendant failed to state a claim for abuse of process where it claimed the covenants not to compete at issue were "unenforceable" and that plaintiff filed the action not to enforce them, but to harass, intimidate, and prevent other employees from moving to defendant's employ); *Crenshaw v. Antokol*, No. 2005 WL 6088857, at *8 (N.D. Ind. Mar. 29, 2005) (dismissing abuse of process claim where plaintiff did not allege that defendants "used legal process in a way that was not proper in the normal prosecution of the case").

In short, because Ryan failed to sufficiently plead the second element of his abuse of process counterclaim, it would not withstand a motion to dismiss. *Duthie*, 254 F.R.D. at 94. Accordingly, his motion to amend to add this counterclaim will be DENIED.

    3. <u>Leave to Add the Third Party Claim Against Wells Fargo Will Be Denied</u>

Finally, Ryan seeks leave to advance a third party claim against his former employer, Wells Fargo, for failing to pay commissions owed to him, in violation of the Indiana Wage Payment Statute, Ind. Code § 22-2-5-1, *et seq*. Ryan's motion to assert this third party claim,

7

however, also falls short.

Under Federal Rule of Civil Procedure 14(a), "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." "As the language in the Rule makes clear, a claim that the third party defendants would be secondarily liable to the third party plaintiff is an essential part of a third party complaint under Rule 14." *EBI Holdings, Inc. v. EBI, L.P. v. Butler*, No. 07-3259, 2009 WL 1939790, at *2 (C.D. Ill. July 2, 2009); *see Hasse Constr. Co. v. Gary Sanitary Dist. Bd. of Comm'rs*, No. 2:06-cv-322, 2008 WL 2169000, at *4 (N.D. Ind. May 23, 2008) ("[T]he third-party defendant must be secondarily liable to the third-party plaintiff in the event that the third-party plaintiff is found liable to the plaintiff.").

"The Seventh Circuit has characterized a claim that a third party defendant be secondarily liable to the third party plaintiff as 'a plain condition on the face of Rule 14' which 'is not altered merely by the fact that the alleged third-party claim grew out of the same transaction.'" *EBI Holdings*, 2009 WL 1939790, at *2 (quoting *U.S. Gen., Inc. v. City of Joliet*, 598 F.2d 1050, 1053 (7th Cir. 1979)). "A third-party defendant's liability must be derivative of the impleading party's liability. Liability is derivative where it is dependent on the determination of liability in the original action." *Beale v. Revolution Portfolio, LLC*, No. 07 C 6909, 2009 WL 1285527, at *2 (N.D. Ill. May 7, 2009) (citing *U.S. General*, 598 F.2d at 1053).

Here, however, nothing in Ryan's third party claim suggests that Wells Fargo would be liable to him in the event that he is found liable to USI for breach of contract, trade secret violations, or tortious interference with business relationships. Instead, the third party claim against Wells Fargo for unpaid wages appears entirely independent of any liability Ryan may

8

have to USI. Therefore, Ryan's proposed amended answer fails to state a cognizable third-party action under Rule 14(a), and as such, his motion to amend his answer to assert the third party claim against Wells Fargo will be DENIED.

### D. Conclusion

For the foregoing reasons, John E. Ryan's Motion for Leave to File Amended Answer and Counterclaim against USI and Third Party Complaint Against Wells Fargo (Docket # 77) is GRANTED with respect to the affirmative defenses against USI, but is otherwise DENIED.

SO ORDERED.

Enter for this 10th day of October, 2014.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge